IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 24-30024 |
| | § | |
| HUGH P. SHANNONHOUSE | § | Chapter 11 |
| | § | |
| | § | |
| DEBTOR. | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE**

*******************************************************************************

<u>**BLR 9013 NOTICE**</u>: **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**
*******************************************************************************

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), respectfully requests entry of an order dismissing this case pursuant to 11 U.S.C. §§ 1112(b) and 109(h).[1] Hugh Shannonhouse (the "Debtor") filed his bankruptcy petition on January 2, 2024. On January 12, 2024, the Debtor filed a certificate of counseling which certified that the Debtor attended an internet-based credit briefing on January 3, 2024. Section 109 requires individual debtors to receive the briefing within the 180-day period ending on the date of filing the petition to be a debtor under title 11. The Debtor did not timely receive his briefing and his case must be dismissed. In support of this motion, the U.S. Trustee represents as follows:

---

[1] All "§" or "section" references herein are to Title 11 of the United States Code, unless otherwise stated.

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 157. Motions to dismiss are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is appropriate pursuant to 28 U.S.C. § 1408.

2. Kevin M. Epstein is the duly appointed United States Trustee for the Southern District of Texas pursuant to 28 U.S.C. § 581(a)(7). Pursuant to § 307, the U.S. Trustee has standing to appear and be heard on any issue in a case or proceeding under Title 11 of the United States Code. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## II. FACTUAL BACKGROUND

3. Hugh Shannonhouse (the "Debtor") filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition") on January 2, 2024.[2]

4. On January 5, 2024, the U.S. Trustee filed a Notice of Deficient Petition alerting the Debtor that he must attach a certificate of credit counseling to his Petition. [ECF 2]

5. On January 12, 2024, the Debtor filed a Certificate of Credit Counseling (the "Certificate"). [ECF 13]

6. The Certificate certified that the Debtor received credit counseling on January 3, 2024. [ECF 13].

---

[2] Doc. No. 1. All "Doc. No." references herein are to the current bankruptcy proceeding, case number 23-34333, unless otherwise stated.

### III. RELIEF SOUGHT

7. The U.S. Trustee seeks an order dismissing this case pursuant to §§ 1112(b)(1) and 109(h).

### IV. BASIS FOR RELIEF

8. Section 109(h) precludes individuals who have not received an individual or group briefing within the 180-day period ending on the date of filing of the petition from being a debtor under title 11 (the "Bankruptcy Code").

9. Section 521(b) and FRBP 1007(b)(3) require individual debtors to file a certificate of counseling which complies with section 109(h).

10. The Debtor received counseling after he filed his Petition. His Certificate does not comply with section 109(h), and he may not be a debtor under the Bankruptcy Code.

WHEREFORE, the U.S. Trustee prays that this Court enter an order dismissing this case pursuant to 11 U.S.C. §§ 1112(b)(1) and 109(h) and for all further relief that is just and appropriate.

Dated: January 24, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/ *C. Ross Travis*
C. Ross Travis
Trial Attorney
LA Bar No. 40083
515 Rusk, Suite 3516
Houston, TX  77002
Telephone: (202) 603-5225
Facsimile: (713) 718-4670
C.Ross.Travis@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing to be served upon the parties listed below by United States Mail, first class, postage prepaid, by ECF transmission, or BNC noticing on January 24, 2024.

                                                  /s/ *C. Ross Travis*
                                                  C. Ross Travis

Hugh P. Shannonhouse
3930 Feagan Street
Houston, TX 77007

By Email:

Troy J. Wilson
Attorney for Debtor
Tjwlaw777@yahoo.com